IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SUNDARI K. PRASAD,**

      Plaintiff,

v.                                     Civil Action No. **3:17CV391**

**FACEBOOK,** *et al.,*

      Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for review of Prasad's Petition for Rehearing (ECF No. 13). For the reasons set forth below, the Petition for Rehearing (ECF No. 13) will be DENIED.

## I. Procedural History

By Memorandum Order entered on February 15, 2018, the Court directed Prasad to file a particularized complaint within fourteen (14) days of the date of entry thereof. (ECF No. 9.) Almost two months elapsed and Prasad failed to file a particularized complaint. Accordingly, by Memorandum Opinion and Order entered on April 13, 2018, the Court dismissed the action without prejudice. (ECF No. 10, 11.)

On April 19, 2018, the Court received Prasad's Particularized Complaint. (ECF No. 12.)

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

The Particularized Complaint was not accompanied by any explanation as to why Prasad failed to submit it in a timely manner.

On May 21, 2018, the Court received Prasad's Petition for Rehearing.

## II. The Amended Complaint

The Court will construe the filing of the Particularized Complaint, as a motion under Federal Rule of Civil Procedure 59(e). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Prasad does not explicitly address any of the above recognized grounds for relief in her Particularized Complaint. Nor does the record readily suggest that Prasad's dilatory filing of the Particularized Complaint satisfies any of these grounds. As the matter was dismissed without prejudice, Prasad remains free to refile the action. Accordingly, the Court will DENY Prasad any relief under Fed. R. Civ. P. 59(e) in conjunction with her filing of the Particularized Complaint.

## III. Petition for Rehearing

Because Prasad filed her Petition for Rehearing after the twenty-eight-day period for filing a motion pursuant to Federal Rule of Civil Procedure 59, the Court reviews this submission as a motion pursuant to Federal Rule of Civil Procedure 60(b). *See In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992). Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party ... from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." *Coleman v. Jabe*, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Here, Prasad fails to identify any exceptional circumstances that would warrant setting aside the April 13, 2018 Memorandum Opinion and Order. Indeed, in her Petition for Rehearing she fails to offer any explanation as to why she failed to submit a particularized complaint in a timely manner. Accordingly, the Petition for Rehearing (ECF No. 13) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date:
Richmond, Virginia

3